# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PROPHET PAULCIN,**

    **Plaintiff,**

**vs.**                                 **Case No. 4:19cv47-WS-MAF**

**M. KEY, A.R.N.P.,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

The pro se Plaintiff filed a motion for temporary restraining order, ECF No. 39, in early May 2020. A Report and Recommendation was entered on that motion on May 18, 2020. ECF No. 40. Plaintiff has now submitted an amended motion for a temporary restraining order. ECF No. 41. Accordingly, the prior Report and Recommendation, ECF No. 40, is vacated and his amended motion has now been considered.

Plaintiff filed a fourth amended civil rights complaint, ECF No. 35, against one Defendant - M. Key, who is an Advanced Registered Nurse Practitioner. Nurse Key allegedly failed to provide Plaintiff with necessary medical care for several medical conditions while Plaintiff was housed at

Wakulla Correctional Institution. *Id.* at 8-12. After reviewing the complaint as required by 28 U.S.C. § 1915A, an Order, ECF No. 38, was entered on April 22, 2020, requiring Plaintiff to provide a service copy of his complaint so service could be directed on Defendant Key. The service copy has not yet been received as of this date.

Plaintiff's amended motion for a temporary restraining order, ECF No. 41, presents allegations that Plaintiff is in imminent danger. Plaintiff explains that he was previously attacked by gang members and was placed on permanent protective management. *Id.* at 2. He states that in late April 2020, he was informed that he would be transferred to Columbia Correctional Institution. Plaintiff pleaded with officials not to transfer him and then attempted suicide. His transfer was halted and he was provided medical treatment. Plaintiff now seeks issuance of an injunction to prevent his transfer. *Id.* at 4.

Additionally, Plaintiff contends he is in need of protection from a "second threat of serious physical injury." *Id.* Plaintiff alleges that he and an officer were involved in a romantic relationship which ended badly. *Id.* Plaintiff now contends that his officer is engaged in "a campaign of

harassment" and has threatened Plaintiff. *Id.* at 5. Plaintiff contends that her actions have placed his life in danger. *Id.* at 5-7.

As was the case with Plaintiff's first motion, ECF No. 39, this motion, ECF No. 41, has not been properly filed in this case. The Court lacks authority to enter an injunction against a person who is not a named Defendant. Furthermore, this case is about the lack of medical care and does not pertain to the issues Plaintiff raises in the instant motion, ECF No. 41. Plaintiff has not alleged any involvement by the named Defendant in his amended motion for a temporary restraining order.

Federal Rule of Civil Procedure 65 governs motions for a temporary restraining order and for a preliminary injunction. An injunction or restraining order issued under Rule 65(d) is binding only upon the parties to a case, their officers, agents, servants, employees, and attorneys, and any "other persons who are in active concert or participation with" a party or his agent. FED. R. CIV. P. 65(d)(2). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted).

Because the person named in the motion is not a party to this litigation, this Court does not have jurisdiction over her and no relief can be provided to Plaintiff.  Therefore, Plaintiff's amended motion must be denied.[1]

Finally, to the degree Plaintiff seeks an Order which halts his transfer to another institution, this Court is unable to do so.  The law is well established that prisoners have no constitutional right to remain in, or be transferred to, a particular institution with particular rules, regulations and privileges.  Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976).  Prisoners do not have due process rights which are triggered by intrastate prison transfers.  *See also* Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983) (noting that transferring a prisoner from a Hawaii state prison to a California prison did not implicate a liberty interest protected by the Due Process Clause).  Because Plaintiff does not have the right to remain incarcerated at Wakulla Correctional Institution, this Court cannot interfere with housing decisions of the

---

[1] If Plaintiff wants to pursue claims against the person identified in the motion, ECF No. 39, Plaintiff must initiate a separate lawsuit to pursue this separate claim.  Plaintiff must have exhausted administrative remedies and either pay the filing fee for that case or file an application to proceed in forma pauperis.

Case No. 4:19cv47-WS-MAF

Department of Corrections and is unable to prohibit Plaintiff's transfer to Columbia Correctional Institution.

Accordingly, it is

**ORDERED:**

1. The Report and Recommendation, ECF No. 40, is **VACATED**.

2. Plaintiff's original motion for temporary restraining order, ECF No. 39, is **DENIED as moot** in light of Plaintiff's having filed an amended motion for temporary restraining order, ECF No. 41.

**RECOMMENDATION**

For all theses reasons, it is respectfully **RECOMMENDED** that Plaintiff's amended motion for a temporary restraining order, ECF No. 41, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 21, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.