IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROPHET PAULCIN,
D.O.C. # W11537,

    Plaintiff,

v.                                                                     4:19cv47–WS/MAF

M. KEY, A.R.N.P.,

    Defendant.

_____

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 70) docketed April 20, 2021. The magistrate judge recommends that Defendant's motion to dismiss be granted in part and denied in part. Defendant has filed objections (ECF No. 72) to the report and recommendation. Plaintiff has filed neither objections to the report and recommendation nor a response to Defendant's objections.

Having reviewed the matter in light of Defendant's objections, this court has determined that the magistrate judge's report and recommendation should be

adopted. Among other things, the court agrees that whether a plaintiff satisfies the imminent danger analysis for purposes of in forma pauperis status depends on whether the plaintiff demonstrates that he was facing an imminent danger of serious injury *at the time his initial complaint was filed.* Here, Plaintiff alleged in his initial complaint that he was then facing imminent danger of serious injury and was, accordingly, properly granted in forma pauperis status. Defendant's argument that Plaintiff's in forma pauperis status should be revoked based on his subsequent transfer to another prison is unpersuasive. *See, e.g., Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (noting that "the availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the [initial] complaint was filed, not at some earlier or later time. Andrews's removal from the California prison system after filing the complaint is therefore irrelevant to our § 1915(g) analysis."); *Brown v. Watson*, No. 2:20cv00576–JRS–MJD, 2021 WL 1890128, at *4 (S.D. Ind. May 11, 2021) ("Where the court grants a motion for pauper status based on the "imminent danger" exception in 28 U.S.C. 1915(g), the court will not revisit the motion based on the defendants' argument that the risk of imminent danger is no longer present."); *Bure v. Miami-Dade Corrections Dept.*, No. 11–cv–21459–LENARD/WHITE, 2012 WL 12876019, at *5 (S.D. Fla. Feb. 10, 2012) (rejecting the defendant's argument that the plaintiff's in forma pauperis

status should be revoked because the plaintiff was no longer housed in Miami-Dade when he filed the operative *amended* complaint).

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 70) is hereby ADOPTED and incorporated by reference into this order.

2. Defendant's motion (ECF No. 55) to dismiss and to strike Plaintiff's in forma pauperis status is GRANTED to the extent Defendant seeks dismissal of Plaintiff's requests for declaratory and injunctive relief. The motion is otherwise DENIED.

3. Defendant shall have up to and including June 8, 2021, to file an answer to Plaintiff's fourth amended complaint.

4. The clerk shall return the case to the magistrate judge for further proceedings.

DONE AND ORDERED this __4th__ day of __June__, 2021.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE